DAVID A. THOMPSON                                              WWW.LAWYERSFORTHERESTOFUS.COM

STECKLOW COHEN & THOMPSON          10 SPRING STREET SUITE 1
                                   NEW YORK, NEW YORK 10012
                                   PHONE: (212) 566-8000
                                   FAX:   (212) 202-4952
                                   DTHOMPSON@WYLIELAW.COM

                                                                April 14, 2014

**VIA ECF**
Honorable Judge Harold Baer
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    Wiles v. City of New York, et al. 13-cv-2898 (HB)

Dear Honorable Judge:

    Please remember that my office is the attorney of record in the above referenced matter. I have submitted a letter to this Court regarding a separate matter relating to the same case. To summarize the case in a sentence, the plaintiff claims that he was unlawfully arrested while he participated (or was perceived by police to be participating) in two Occupy Wall Street events in lower Manhattan, on November 5, 2011 and Sept. 17, 2012.

    I write this letter to request that the Court issue an order directing the defendant City of New York to produce a Rule 30(b)(6) witness pursuant to a long-standing notice of deposition.

    The plaintiff, Joshua Wiles, issued a Rule 30(b)(6) notice on February 14, 2014. The notice includes an appendix identifying the subject matter of the noticed deposition. The subject matter falls within eight categories of information upon which the witness will be deposed: 1) the facts of the incidents which are the basis of the case, 2) identification of witnesses and participants in the Nov. 5, 2011 incident, 3) identification of witnesses and participants in the Sept. 17, 2012 incident, 4) identification of custodians of video of the Nov. 5, 2011 incident, 5) identification of custodians of video of the Sept. 17, 2012 incident, 6) NYPD mass arrest tactics, 7) NYPD policies regarding policing Occupy Wall

Street events, and 8) the NYPD's use of plastic handcuffs. A copy of the 30(b)(6) notice is attached hereto.

Since the Rule 30(b)(6) deposition was noticed, on more than one occasion the undersigned has orally asked the defendant City to identify its 30(b)(6) witness(es) so that the deposition can be scheduled. During the appearance before Magistrate Judge Pittman on March 28, 2014, Judge Pittman opined that some of the plaintiff's interrogatories and document demands could or should be investigated via a Rule 30(b)(6) witness. During that conference, the undersigned stated that the plaintiff had noticed a Rule 30(b)(6) deposition but that the City had not identified a witness. On April 3rd, I wrote to counsel for the defendants via email (which is the medium in which counsel frequently communicate about such matters), once again asking that the City identify and produce its witness. As of today, I have not yet received a response. Because time remaining in discovery is short, I respectfully request that your Honor grant the plaintiff an order compelling the City to identify its witness or witnesses so that the noticed deposition can be scheduled.

In a related matter, during the March 28, 2014 conference, the City represented that it had provided a list of officers of the rank of captain and above who were present at each incident. The Court considered this list to be a sufficient response to the plaintiff's fourth interrogatory, which sought identification of all police officers (of any rank) present at the incidents. I later learned that counsel for the defendants was mistaken. The lists produced by the defendants were lists of members of service included within two NYPD memos concerning the incidents. Neither list purports to be complete. One list expressly includes officers who may not have been present. Simply by viewing video of the incidents, the undersigned has been able to identify two Deputy Inspectors who were present at one incident but who are not listed. On April 7th, I wrote to counsel for the defendants asking that the City provide the lists required, and I have received no response.

This is an instance where the City has successfully argued for the scope of a written interrogatory to be narrowed, and yet the City has still not answered the interrogatory as modified. I believe this underscores the need to cut through back and forth about such demands and allow the plaintiff's noticed Rule 30(b)(6) deposition to proceed.

Thank you very much for your consideration.

Respectfully submitted,

David A. Thompson

cc:     Joy Anakhu, Esq., via ECF

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

JOSHUA WILES,

                                        INDEX NO. 13-cv-2898 (HB)

                PLAINTIFF,
vs.

THE CITY OF NEW YORK, a municipal entity,
NEW YORK CITY POLICE OFFICER PASTULA
NEW YORK CITY POLICE OFFICERS "JOHN
DOES 1-10",

                DEFENDANTS.

      PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil Procedure, Plaintiffs, through their counsel, will take the deposition of Defendant The City of New York, pursuant to FRCP 30(b)(6), before a notary public or other officer authorized by law to administer oaths, at the office of Stecklow, Cohen & Thompson, located at 10 Spring Street, New York, New York, 10012, beginning on a date to be determined by Plaintiffs and continuing from day to day thereafter, or upon such adjourned date as may be agreed upon, until concluded. The City of New York is requested to designate the person or persons most knowledgeable and prepared to testify on behalf of American concerning the subject matter described on Attachment A hereto. The deposition will be videotaped and recorded by stenographic means.

DATED:     February 13, 2014

_____
David A. Thompson (DT 3991)
Stecklow Cohen & Thompson
Attorneys for Plaintiffs
10 Spring Street Ste. 1
New York, NY 10012
(212)-566-8000

To:
A.C.C. Joy T. Anakhu
New York City Corporation Counsel
Special Federal Litigation Division
100 Church Street
New York, NY 10007
janakhu@law.nyc.gov

## ATTACHMENT A

1) The facts and circumstances of the incident which is the basis of this case, including:
   a) The facts and circumstances narrated in paragraphs 1 through 119 and 169 through 203 of the Complaint.
   b) The facts and circumstances narrated in paragraphs 125 through 132, 153 through 158 and 161 through 164 of the Complaint.
   c) The facts and circumstances forming the basis of the defendants' allegations in paragraphs 1 through 203 of the Answer.
   d) The factual basis for the defendants' first through thirteenth affirmative defenses stated in pages 14 through 16 of the Answer.
2) Events in the vicinity of Centre Street and Pearl Street at 1:00 PM through 3:00 PM on November 5, 2011.
   a) Deployment of members of the New York City Police Department at that time and location;
   b) Identification of the incident commander at that time and location;
   c) Identification of the police units deployed to that location at that time;
   d) Identification of members of service of the rank of lieutenant and above at that time and location;
   e) Identification of the person or persons who made the decision to arrest the plaintiff;
   f) Identification of civilian witnesses to any of the arrests made at that time and location;
   g) Information concerning whether others arrested at that time and location were convicted of any crime, violation or offense.
   h) All facts establishing probable cause for the arrest of the plaintiff at that time and location;
   i) The location and custodian(s) of documents relating to items (a) through (h) above.
3) Events in the vicinity of Broadway and Wall Street within one hour before and 30 minutes after the plaintiff's arrest on September 17, 2012.
   a) Deployment of members of the New York City Police Department at that time and location;
   b) Identification of the incident commander at that time and location;
   c) Identification of the police units deployed to that location at that time;
   d) Identification of members of service of the rank of lieutenant and above at that time and location;
   e) Identification of the person or persons who made the decision to arrest the plaintiff;
   f) Identification of civilian witnesses to any of the arrests made at that time and location;
   g) Information concerning whether others arrested at that time and location were convicted of any crime, violation or offense.
   h) All facts establishing probable cause for the arrest of the plaintiff at that time and location;
   i) The location and custodian(s) of documents relating to items (a) through (h) above.
4) The custodian and location of any video of the activities of police or of protestors in the vicinity of Centre Street and Pearl Street at 1:00 PM through 3:00 PM on November 5, 2011.
5) The custodian and location of any video of the activities of police or of protestors in the vicinity of Broadway and Wall Street within one hour before and 30 minutes after the plaintiff's arrest on September 17, 2012.

6) Policies and practices of the City of New York concerning:
   a) The requirement of individualized probable cause in arresting individuals who are part of a group;
   b) Arrests of civilians for acts of civil disobedience;
   c) The use of mobile barricades, such as plastic netting and metal barricades, for crowd control;
   d) The use of mobile barricades, such as plastic netting and metal barricades, to effect arrests;
   e) Tactics and methods for arresting five or more individuals at one time;
   f) Issuance of orders to disperse to groups of civilians by members of service;
   g) The issuance of permits to march on sidewalks;
   h) Any requirement for the issuance of a permit to march on a sidewalk;
   i) Training provided to P.O. Brian Pastula, P.O. Nikim Walker, Sergeant John Slayne on any of the foregoing items (a) through (e) above.
   j) The location and custodians of any documents relating to items (a) through (i) above.
7) Policing of Occupy Wall Street Events
   a) The police units responsible for maintaining statistical information concerning arrests related to Occupy Wall Street;
   b) The police units responsible for maintaining statistical information concerning crimes and offenses committed at or during Occupy Wall Street events;
   c) The use of "Special event code: WA - Occupy Wall Street";
   d) The police units responsible for maintaining centralized intelligence information concerning Occupy Wall Street;
   e) Occupy Wall Street events at which five or more civilians have been arrested;
   f) Any procedures, policies and tactics developed for the policing of Occupy Wall Street events;
   g) The location and custodians of any video of Occupy Wall Street events;
   h) The location and custodians of any documents relating to items (a) through (f) above.
8) The use of plastic or "flexicuff" handcuffs
   a) Policies and practices concerning when it is appropriate to use plastic or "flexicuff" handcuffs;
   b) Injuries that can result to arrestees when plastic or "flexicuff" handcuffs are used;
   c) Police or practices concerning the amount of time that plastic or "flexicuff" handcuffs should remain in place before being removed;
   d) Training provided to P.O. Brian Pastula, P.O. Nikim Walker, Sergeant John Slayne on any of the foregoing items (a) through (c) above.
   e) The location and custodians of any documents relating to items (a) through (d) above.