# DAVID A. THOMPSON
# STECKLOW COHEN & THOMPSON

WWW.WYLIELAW.COM

10 SPRING STREET SUITE 1
NEW YORK, NEW YORK 10012
TEL: (212) 566-8000
FAX: (212) 202-4952
DTHOMPSON@WYLIELAW.COM

April 16, 2014

**BY ECF**
Honorable Judge Henry B. Pitman
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re: <u>Wiles v. City of New York</u>, 13-cv-2898 (HB)

Dear Honorable Judge Pitman:

Please recall that I represent the plaintiff, Joshua Wiles, in the above-captioned action. The plaintiff's complaint seeks relief against the City of New York and certain defendant police officers for two instances of false arrest, which occurred on November 5, 2011 and September 17, 2012. On these occasions the plaintiff was part of, or was in the vicinity of, demonstrations related to the Occupy Wall Street movement. On each occasion, the plaintiff was charged with the violation of disorderly conduct, and the District Attorney's office declined to prosecute the charge. The plaintiff suffered loss of freedom and minor physical injuries. Due to the charges, the plaintiff lost the ability to work as a teacher for a period of time, suffering lost wages.

There is an outstanding letter motion from the plaintiff, which seeks an order to compel the defendant City to produce a Rule 30(b)(6) witness. The City has cross-moved for an extension of time to respond to the letter motion until the day before the close of discovery. This letter motion seeks relief on a separate but related issue: **the defendant City of New York has declined to produce three witnesses for depositions which were scheduled to occur on Thursday and Friday of this week**. The City has not proposed any alternative dates for these depositions to proceed.

On April 3, 2014, the plaintiff served notice of the depositions of three police officer employees of the City of New York. One of these, Deputy Chief Anger, has been identified by another City witness as the "incident commander" (i.e., ranking officer in charge) at the scene of the Nov. 5, 2011 arrest. The other, Deputy Chief McNamara, was identified by a City witness as the ranking officer in charge at the scene of the September 17, 2012 arrest. The third, Deputy Inspector Del Pozo, was identified from video as being a high-ranking officer present at the scene of the September 17, 2012 arrest. Deputy Inspector Del Pozo is also known to have had frequent involvement in policing Occupy Wall Street events other than those at issue in this case. To the best of my knowledge, all three are currently still employees of the City of New York.

Yesterday, April 15th, I called Joy Anakhu, attorney for the defendants, to confirm the start time for the deposition of Deputy Chief Anger. I was informed -- for the first time -- that Ms. Anakhu had not scheduled the witnesses to appear. Ms. Anakhu informed me that Deputy Chief McNamara was on vacation, and that she did not know if the other witnesses were available. Today, after 5:00 PM, I received an email from Ms. Anakhu stating that Deputy Chief Anger, scheduled for tomorrow, would not appear. Ms. Anakhu informed me that Deputy Inspector Del Pozo, noticed for Friday, would also not appear. The defendants have provided no reason why Deputy Chief Anger and Deputy Inspector Del Pozo will not appear other than a conclusory averment that they are unavailable. In addition, **Ms. Anakhu has not proposed any dates for these depositions to proceed**. As of now, the City has made no commitment to produce these witnesses before discovery closes on May 1st.

Each of these witnesses is important to the plaintiff's case. According to Lt. Michael Zielinski, Deputy Chief Anger directed him to issue the illegal orders to disperse the group of protestors on Nov. 5, 2011, which were the pretext for the arrest of the plaintiff (and several others). As incident commander, Deputy Chief Anger would almost certainly have ordered or approved the arrests that occurred, including that of the plaintiff. Deputy Chief Anger would also be uniquely qualified to testify concerning the facts underlying the plaintiff's Monell claim

against the City, and concerning the training and instructions the officers at the scene received. In the Sept. 17, 2012 incident, Deputy Chief McNamara played a similar role to Deputy Chief Anger. In video, Deputy Chief McNamara can be seen very near the location where the plaintiff was arrested, giving orders to the group of officers that included the plaintiff's arresting officer. The same video shows that Deputy Inspector Del Pozo was present at the scene of the arrest. Because the defendants have failed to provide a list of senior officers actually present at that location and time, Deputy Inspector Del Pozo is one of the few high-ranking officers, other than Deputy Chief McNamara, known to have participated in the incident.

Each of the noticed witnesses is currently employed by the defendant City of New York. There is little question that the City has the power to direct its employees to appear for a deposition, and to authorize whatever arrangements are necessary to free the employees from other job responsibilities on the dates noticed for deposition. In the case of Deputy Chief McNamara, who I was informed only yesterday is on vacation, as soon as the scheduling conflict was known, the City could have, and should have, identified a date certain on which the City could make him available.

The City should not have waited until nearly two weeks passed before disclosing the fact that the witnesses would not be made available. As of today, there are only two weeks to go before the close of all discovery. By waiting nearly two weeks before informing me that the witnesses would not be produced, the defendants have given themselves a tactical advantage that is unfair and suggestive of a lack of good faith. Even if the City had proposed alternative dates (which it has not), it will now be more difficult to schedule the depositions to occur before May 1st than it would have been had the City disclosed the unavailability of these witnesses in a timely fashion.

Accordingly, the plaintiff respectfully requests that the Court issue an order directing the defendants to produce the noticed witnesses, and imposing such sanctions as the Court deems appropriate to the circumstances. To the extent that the defendants' failure to produce these

witnesses cannot be remedied before the close of discovery, the plaintiff respectfully requests that the time for discovery be extended for the plaintiff **only**, to the extent necessary to eliminate the prejudice to the plaintiff.

Thank you very much for your consideration.

Respectfully submitted,

David A. Thompson

cc: Joy Anakhu, Esq.
Andrew Lucas, Esq.