# DAVID A. THOMPSON
# STECKLOW COHEN & THOMPSON

www.WYLIELAW.COM
217 CENTRE STREET, 6TH FLOOR
NEW YORK, NEW YORK 10013
TEL: (212) 566-8000
FAX: (212) 202-4952
DTHOMPSON@WYLIELAW.COM

August 18, 2014

**VIA ECF**
Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
40 Foley Street
New York, NY 10007

    Re:   *Joshua Wiles v. City of New York et al.*, 13 CV 2898 (VSB) (HBP)

Dear Honorable Judge Broderick:

I write as counsel for the plaintiff in the above-captioned case. I write in response to a letter motion submitted by the defendants, seeking an order of the Court directing the that the deposition of Police Officer McNamara be held "deposition during the week of September 15, 2014, on a day and time convenient to all parties." I ask that the Court issue a somewhat different order, that 1) directs that the deposition be scheduled for one of the following dates: September 17th, 19th, 22nd, or 24-26th, and 2) directs the defendants to confirm the availability of the witness on or before September 3, 2014 (14 days prior to the first available date for the deposition).

The background of this issue is as follows. On June 19, Magistrate Judge Pitman ordered that the defendants produce P.O. McNamara for a deposition, to take place on or before July 31, 2014. The plaintiff noticed the deposition for July 24, 2014. When my office contacted the counsel for the defendants two days before the deposition to confirm, the defendants informed my office that P.O. McNamara would not be produced. On July 31, 2014, Magistrate Judge Pitman adjourned the deposition *sine die*. On August 8, 2014, this Court directed that P.O. McNamara be produced on or before August 15th. The parties set August 14th for the date of the deposition. On August 13th, the defendants sought an adjournment due to a death in the deponent's family.

1

The Court adjourned the deposition to a date on or before August 22nd, with the specific date to be determined by the parties. On Thursday, August 14th, Dara Weiss, counsel for defendants, promised to notify my office by close of business on Friday whether P.O. McNamara would be made available on either August 21st or August 22nd. My received no such confirmation, and concluded that the witness would not, in fact, be produced on either date.

I write to register my objection to the tone of Ms. Anakhu's letter to this Court, which seeks to blame my office for the fact that this deposition -- twice adjourned at the request of the defendants -- has not yet been definitively scheduled. I also write to ask Your Honor to issue an order which I believe will ensure that the deposition will go forward without further dispute among the parties.

I wish to say that I have no quarrel with adjourning a deposition where the deponent has suffered a family tragedy, but where such an adjournment is requested, the party that obtains the adjournment owes some consideration to minimize the inconvenience to the other side. Having obtained such an adjournment, Ms. Weiss promised to notify me by close of business on August 15th when or whether P.O. McNamara would be produced, and did not do so. My office received no communication of any kind. The defendants have not offered any reason for their failure to determine or communicate Police Officer McNamara's availability. Ms. Anakhu's email of late today indicates that the defendants had not ascertained Officer McNamara's availability until this afternoon. Police Officer McNamara occupies the lowest rank in the NYPD hierarchy. There has been no suggestion that his normal duties are anything other than routine. There should be no difficulty for the defendant City of New York, P.O. McNamara's employer, to ensure his availability on a particular date and to communicate it in due time. Given that it is normally the prerogative of the party that notices the deposition to select the date and time of the deposition, and the fact that the two adjournments of the deposition so far have been at the instigation of the defendants, the defendants should have taken seriously their obligation to provide my office the confirmation that was promised at the time it was promised. The defendants' failure to provide

the promised notice compromises my ability to be adequately prepared for the deposition, and to calendar my other matters effectively.

The parties appear to agree that the deposition should be adjourned to a date after September 15th. In the interests of avoiding further litigation of this routine issue, I respectfully request that this Court order that the defendants identify one of the following dates upon which P.O. McNamara will be produced, September 17th, 19th, 22nd, or 24-26th, and that the defendants communicate to my office which one of these dates they have chosen by September 3, 2014 (14 days prior to the first available date).

Respectfully submitted,

David A. Thompson