

**T**HE **C**ITY OF **N**EW **Y**ORK
**L**AW **D**EPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**ZACHARY CARTER**
*Corporation Counsel*

**JOY ANAKHU**
*Assistant Corporation Counsel*
Phone: (212) 356-2323
Fax: (212) 356-3509
janakhu@law.nyc.gov

January 16, 2015

**By ECF**
Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

  Re: Joshua Wiles v. City of New York et al.,
     13 CV 2898 (HB) (HBP)

Your Honor:

  I am an Assistant Corporation Counsel in the office of Zachary Carter, Corporation Counsel of the City of New York, representing defendants in the above-referenced civil rights matter. The parties write in response to the Court's January 7, 2015 order for a joint letter on the status of discovery [101].

  Per the Court's August 8, 2014 order, Police Officer McNamara was deposed on September 19, 2014. Defendants received Officer McNamara's transcript today and are awaiting the transcripts of two other witnesses deposed previously. Plaintiff has stated they will be produced expeditiously.

  Still outstanding is the deposition of plaintiff as provided for in the August 8, 2014 order. Defendants reached out to plaintiff on September 8, 2014 with respect to that deposition, but did not receive a reply from plaintiff's counsel. Plaintiff did not file his affidavit regarding his search for additional electronic documents as required by the Order, but is attached herein as Exhibit A.

  The affidavit indicates that plaintiff conducted a chronological search of his Facebook account, and produced ten pages of documents. It is unclear what Facebook features, such as messages, chats and photos, were included. It also indicates that plaintiff searched his Gmail account by looking only for the word "arrest," and finally, the affidavit is unclear as to how plaintiff searched his Gchat account. The Gmail and GChat search resulted in an additional 18 pages of documents. Given the ambiguities in how these documents were previously

overlooked, the possibility of other documents in existence, and the statements made by plaintiff in those pages, defendants continue to seek plaintiff's deposition, as provided by the September 8, 2014 order.  Additionally, plaintiff's affidavit does not "confirm that he has not deleted or destroyed any [] statements," and failed to file the affidavit on ECF as required in the August 8, 2014 order.  [101].

During the parties telephonic conference earlier today, defendants raised the issue of the court ordered deposition of plaintiff on electronic discovery. It was during this conference that plaintiff first raised his intentions to seek additional depositions of defendants.  Defendants note that plaintiff has conducted over 10 depositions, and sought no additional discovery prior to learning that defendants still seek the court ordered deposition. To the extent plaintiff raises issues not addressed in this letter, please note that defendants' portion is being submitted without the opportunity to review plaintiff's portion.

Thank you for your consideration.

Respectfully submitted,
/s/
Joy Anakhu
*Assistant Corporation Counsel*

cc:   Wylie Stecklow Esq.
      David Thompson Esq.
      *Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

JOSHUA WILES,

                              INDEX NO. 13-cv-2898

            PLAINTIFF,
    vs.                             AFFIDAVIT

THE CITY OF NEW YORK, et al.,

            DEFENDANTS.

I, Joshua Wiles, being duly sworn, do state the following to be true under penalty of perjury:

1. The only locations in which prior statements of mine concerning my arrests on November 5, 2011, and September 17, 2012, would be recorded is in one the following systems: a) Facebook, b) Gmail, c) G-chat, and d) YouTube.

2. I have reviewed all of those systems for prior statements of mine relating to those arrests. Herein and previously, I have produced all such statements by me except communications with my attorneys.

3. To the best of my knowledge, there is no way to search within Facebook for particular posts or messages. Therefore, I reviewed my Facebook account manually, going backwards from the present day to a few days before my November 5, 2011 arrest. All of the statements of mine relating to my arrests were previously produced as the documents Bates stamped WILES - FACEBOOK -000001 - 010.

4. My only statements on YouTube would have been in the form of comments on videos posted by others. To the best of my knowledge, the only way to search for such comments is to navigate to a page within my profile that lists "all activities." To the best of my knowledge, this page displays all my activities on YouTube, including all past comments. My search revealed only one comment, which I believe has already been independently obtained by the defendants. This comment is annexed hereto as WILES - YOUTUBE - 000001.

5. To the best of my knowledge, Gmail stores outgoing mail, which would include all email sent by me and thus including statements by me, in the "Sent" folder. I reviewed all items in my Sent folder from November 1, 2011 to the present. I looked at all of these emails to determine if any of them related to my arrests. To the best of my knowledge, it is possible to search within Gmail by keyword, by typing a keyword in the box that appears on the top of the primary page in the account. I searched for the word "arrest" and reviewed all emails that appeared. All of the emails discovered containing statements by me relating to my arrests are attached hereto as the documents Bates-stamped WILES - EMAIL - 000001 - 009.

6. To the best of my knowledge, the Gmail system saves all G-chats in a single location that is reachable by clicking a link on the left navigation bar called "Chats." I reviewed all the chats stored there from November 1, 2011 to the present. All G-chats that related to my arrests with this time period are attached hereto as WILES - GCHAT - 000001 - 018.

DATED:   New York, N.Y.
         September 3, 2014

_____
Joshua Wiles

Sworn to before me this
3rd day of September, 2014

_____
NOTARY PUBLIC

SAMUEL COHEN
NOTARY PUBLIC- STATE OF NEW YORK
NO. 01CO6108538
QUALIFIED IN KINGS COUNTY
COMMISSION EXPIRES 10/5/2016