# DAVID A. THOMPSON
# STECKLOW COHEN & THOMPSON

WWW.WYLIELAW.COM

217 CENTRE STREET, 6TH FLOOR
NEW YORK, NEW YORK 10013
TEL: (212) 566-8000
FAX: (212) 202-4952
DTHOMPSON@WYLIELAW.COM

January 16, 2015

**BY ECF**
Honorable Judge Vernon S. Broderick
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square
New York, NY 10007

The parties are directed to appear telephonically for a status conference on January 30, 2015 at 10:00 am. The parties should be prepared to discuss the status of discovery. Counsel for Plaintiff is directed to provide the Court with one dial-in number and one meeting code that all of the parties will use for purposes of the telephone conference. SO ORDERED:

*[signature]*
HON. VERNON S. BRODERICK 1/21/15
UNITED STATES DISTRICT JUDGE

Re: Wiles v. City of New York, 13-cv-2898 (VSB)

Dear Honorable Judge Broderick:

I write on behalf of the plaintiff in this action. I recognize that the Court requested a joint letter. The defendants have provided me with a separate letter, and it is attached hereto. The defendants' attorneys left the office without conferring to combine the letters. I apologize for this.

As the Court may recall, discovery in this case closed on May 16, 2014. The parties last appeared before the Court for a status conference on August 8, 2014. The Court considered issues raised by a motion for sanctions decided by Magistrate Judge Pitman, modifying the decision to reduce the scope of the award of attorneys' fees granted to the plaintiff. The Court directed the defendants to produce P.O. John McNamara for deposition. The Court also directed the plaintiff to produce records of statements made by him, such as statements made online, together with an affidavit concerning his efforts to locate any such statements. The Court directed that the defendants might depose the plaintiff concerning these statements, to the extent they raised new facts or issues.

The plaintiff served these statements as well as the required affidavit on the defendants on September 3, 2014. The defendants did not notice the plaintiff for deposition.[1] P.O. John McNamara was deposed on September 19, 2014. Accordingly, it is the plaintiff's understanding

---

[1] On September 8, 2014, defendants' attorney Dara Weiss emailed me indicating an interest in deposing the plaintiff, but without identifying what new issues or information required the deposition, and without even an informal proposal of a date or dates for the deposition to take place. The defendants never communicated about deposing the plaintiff again.

1

that discovery closed on May 16, 2014, and that the directives of the final discovery order in this case were completed.

Today, Ms. Anakhu informed me that despite never noticing the plaintiff's deposition after the plaintiff's final production on September 3, 2014, the defendants still believe they are entitled to take an additional deposition of the plaintiff. (Such deposition would be, as the Court may recall, the **third** deposition of the plaintiff. The plaintiff was deposed at a 50-h hearing on January 13, 2013, and again on March 13, 2014. See Exs. B and F to the Defendants' June 2, 2014 M.S.J.).

The defendants correctly point out that, as the attorney responsible for this case, I failed to file the plaintiff's affidavit on ECF, as required by the Court's August 8th Order. This was an oversight on my part, for which I apologize. However, because the affidavit was served on the defendants on Sept. 3rd, together with all documents the Court ordered to be disclosed, I don't believe that oversight bears any relation to the defendants' failure to notice the plaintiff's third deposition, or the fact that the passage of more than four months has waived it.

In terms of substance, the defendants fail to cite any substantive issue raised by these communications. In fact, Mr. Wiles' statements don't touch upon any subject matter that was not already the subject of questioning in one or both of his prior depositions, and his statements are the same as that prior testimony. There are no inconsistencies to be probed. And, the defendants' contentions notwithstanding, the plaintiff's affidavit is extremely clear as to what steps he took to locate the information produced, e.g.: "I reviewed all items in my [Gmail] Sent folder from November 1, 2011 to the present. I looked at all of these emails to determine if any of them related to my arrests." (Wiles Aff.. ¶ 4). The defendants' statement that Mr. Wiles' affidavit "indicates that plaintiff searched his Gmail account by looking only for the word 'arrest'" is a misrepresentation of the affidavit -- as the quoted statement makes clear, Mr. Wiles looked at each and every email in his Sent folder individually. He **also** looked at all emails that appeared upon a search for the word "arrest." (Wiles Aff.. ¶ 4).

If a third deposition of the plaintiff were a necessary deposition, the defendants would have noticed it immediately, and it would have happened already. The defendants did nothing because this deposition has no value to them except as a delaying tactic.

The plaintiff prefers that this case simply move forward to trial, but if and only if discovery is to be reopened with further depositions, it is only fair that the plaintiff be given the opportunity to obtain truthful and informed testimony from the City as to who arrested the plaintiff on Nov. 5, 2011, which has not yet been provided. As the Court may recall, Chief Steven Anger, the City's 30(b)(6) witness for issues arising from the November 5, 2011 incident,

testified that P.O. John McNamara was the plaintiff's arresting officer, but was unable to provide any information beyond that bare alleged fact. (Anger Tr. 59:3 - 63:19, Ex. K to Defs. 6/2/14 M.S.J.). In P.O. McNamara's deposition, however, Officer McNamara testified that he arrested two people, but not Mr. Wiles. (See McNamara Aff., Ex J to Defs. 6/2/14 M.S.J., 51:10-52:5). Accordingly, the plaintiff requests that the Court order that the deposition of Chief Steven Anger, the City's 30(b)(6) witness for most issues arising from the November 5, 2011 incident, be reopened for the purpose of obtaining truthful and informed testimony as to what officer or officers placed the plaintiff under arrest on Nov. 5, 2011. (The defendants' letter notes that the plaintiff has taken many depositions in this case, and this is true. However, the defendant's exercised their right to designate Rule 30(b)(6) witnesses by designating six different individual witnesses. The plaintiff had no control over the defendant's choice in that regard.).

There is a related issue involving an officer involved in the Nov. 5, 2011 arrest. It has been known since early in the case that an officer named Nikim Walker processed Mr. Wiles' arrest at the precinct. The processing officer is often, but is not always, the arresting officer as well. Officer Walker was not made part of the case because he was serving in Iraq in the U.S. military. For the same reason, the defendants represented that it was not possible to obtain his memo book, which would reflect any involvement Officer Walker may have had beyond simply processing the arrest. Ms. Anakhu advised me today that she is unaware of whether or not Mr. Walker has returned from service. The plaintiff is concerned that Officer Walker may become a 'surprise' witness at trial. Accordingly, the plaintiff requests an Order that the defendants determine whether or not Officer Walker has returned to the U.S. If he has, the plaintiff requests an Order directing that he be produced for deposition, or, in the alternative, directing that he may not be called as a witness in this case. As previously stated, the plaintiff prefers that the case move forward without further depositions, but feels that this deposition cannot be avoided without prejudice to the plaintiff, if Officer Walker may testify at trial.

Finally, if the defendants still intend to refile their renewed motion for summary judgment, it is the plaintiff's request that the Court set an expedited briefing schedule, so that this case can proceed to trial expeditiously. The plaintiff respectfully requests a schedule requiring the defendants to file any such motion by February 6, 2014, with the plaintiff's opposition/cross-motion to be filed by February 27th, and any reply by March 13th.

Respectfully Submitted,

David A. Thompson, Esq.

3



| | THE CITY OF NEW YORK | |
|---|---|---|
| **ZACHARY CARTER** | **LAW DEPARTMENT** | **JOY ANAKHU** |
| *Corporation Counsel* | 100 CHURCH STREET<br>NEW YORK, NY 10007 | *Assistant Corporation Counsel*<br>Phone: (212) 356-2323<br>Fax: (212) 356-3509<br>janakhu@law.nyc.gov |

January 16, 2015

**By ECF**
Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re: <u>Joshua Wiles v. City of New York et al.</u>,
           13 CV 2898 (HB) (HBP)

Your Honor:

    I am an Assistant Corporation Counsel in the office of Zachary Carter, Corporation Counsel of the City of New York, representing defendants in the above-referenced civil rights matter. The parties write in response to the Court's January 7, 2015 order for a joint letter on the status of discovery [101].

    Per the Court's August 8, 2014 order, Police Officer McNamara was deposed on September 19, 2014. Defendants received Officer McNamara's transcript today and are awaiting the transcripts of two other witnesses deposed previously. Plaintiff has stated they will be produced expeditiously.

    Still outstanding is the deposition of plaintiff as provided for in the August 8, 2014 order. Defendants reached out to plaintiff on September 8, 2014 with respect to that deposition, but did not receive a reply from plaintiff's counsel. Plaintiff did not file his affidavit regarding his search for additional electronic documents as required by the Order, but is attached herein as Exhibit A.

    The affidavit indicates that plaintiff conducted a chronological search of his Facebook account, and produced ten pages of documents. It is unclear what Facebook features, such as messages, chats and photos, were included. It also indicates that plaintiff searched his Gmail account by looking only for the word "arrest," and finally, the affidavit is unclear as to how plaintiff searched his Gchat account. The Gmail and GChat search resulted in an additional 18 pages of documents. Given the ambiguities in how these documents were previously

overlooked, the possibility of other documents in existence, and the statements made by plaintiff in those pages, defendants continue to seek plaintiff's deposition, as provided by the September 8, 2014 order.  Additionally, plaintiff's affidavit does not "confirm that he has not deleted or destroyed any [] statements," and failed to file the affidavit on ECF as required in the August 8, 2014 order.  [101].

During the parties telephonic conference earlier today, defendants raised the issue of the court ordered deposition of plaintiff on electronic discovery. It was during this conference that plaintiff first raised his intentions to seek additional depositions of defendants.  Defendants note that plaintiff has conducted over 10 depositions, and sought no additional discovery prior to learning that defendants still seek the court ordered deposition. To the extent plaintiff raises issues not addressed in this letter, please note that defendants' portion is being submitted without the opportunity to review plaintiff's portion.

Thank you for your consideration.

Respectfully submitted,
/s/
Joy Anakhu
*Assistant Corporation Counsel*

cc:   Wylie Stecklow Esq.
       David Thompson Esq.
       *Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

JOSHUA WILES,

                INDEX NO. 13-cv-2898

        PLAINTIFF,
vs.                      AFFIDAVIT

THE CITY OF NEW YORK, et al.,

        DEFENDANTS.

      I, Joshua Wiles, being duly sworn, do state the following to be true under penalty of perjury:

1. The only locations in which prior statements of mine concerning my arrests on November 5, 2011, and September 17, 2012, would be recorded is in one the following systems: a) Facebook, b) Gmail, c) G-chat, and d) YouTube.

2. I have reviewed all of those systems for prior statements of mine relating to those arrests. Herein and previously, I have produced all such statements by me except communications with my attorneys.

3. To the best of my knowledge, there is no way to search within Facebook for particular posts or messages. Therefore, I reviewed my Facebook account manually, going backwards from the present day to a few days before my November 5, 2011 arrest. All of the statements of mine relating to my arrests were previously produced as the documents Bates stamped WILES - FACEBOOK -000001 - 010.

4. My only statements on YouTube would have been in the form of comments on videos posted by others. To the best of my knowledge, the only way to search for such comments is to navigate to a page within my profile that lists "all activities." To the best of my knowledge, this page displays all my activities on YouTube, including all past comments. My search revealed only one comment, which I believe has already been independently obtained by the defendants. This comment is annexed hereto as WILES - YOUTUBE - 000001.

5. To the best of my knowledge, Gmail stores outgoing mail, which would include all email sent by me and thus including statements by me, in the "Sent" folder. I reviewed all items in my Sent folder from November 1, 2011 to the present. I looked at all of these emails to determine if any of them related to my arrests. To the best of my knowledge, it is possible to search within Gmail by keyword, by typing a keyword in the box that appears on the top of the primary page in the account. I searched for the word "arrest" and reviewed all emails that appeared. All of the emails discovered containing statements by me relating to my arrests are attached hereto as the documents Bates-stamped WILES - EMAIL - 000001 - 009.

6. To the best of my knowledge, the Gmail system saves all G-chats in a single location that is reachable by clicking a link on the left navigation bar called "Chats." I reviewed all the chats stored there from November 1, 2011 to the present. All G-chats that related to my arrests with this time period are attached hereto as WILES - GCHAT - 000001 - 018.

DATED:   New York, N.Y.
         September 3, 2014

_____
Joshua Wiles

Sworn to before me this
3rd day of September, 2014

_____
NOTARY PUBLIC

SAMUEL COHEN
NOTARY PUBLIC- STATE OF NEW YORK
NO. 01CO6108538
QUALIFIED IN KINGS COUNTY
COMMISSION EXPIRES 10/5/2016