# DAVID A. THOMPSON
# STECKLOW COHEN & THOMPSON

217 CENTRE STREET, 6TH FLOOR
NEW YORK, NEW YORK 10013
TEL: (212) 566-8000
FAX: (212) 202-4952
DAVE@SCTLAW.NYC

May 11, 2015

**BY ECF**
Hon. Vernon S. Broderick
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

      Re: Wiles v. City of New York, et al., 13-cv-2898 (VSB)

Dear Honorable Judge Broderick:

      I write in response to the defendants May 11, 2015 letter requesting leave to file an answer to the Second Amended Complaint. Under controlling Second Circuit precedent, the request must be denied.

      There is no dispute that the defendants failed to answer the Second Amended Complaint, and that, as a consequence, the defendants Michael Zielinski, John Slayne, and John McNamara are in default. On May 8, 2015, the plaintiff filed a request that the default be entered. To be clear, the plaintiff's request was for entry of a default, not for entry of judgment by default. As the Second Circuit has explained, when a party fails to answer, there is a "two-step process" that follows. *New York v. Green*, 420 F.3d 99, 104 (2d Cir. N.Y. 2005). The two steps are: 1) the plaintiff seeks entry of the default, and 2) the plaintiff seeks entry of judgment by default. *See id.* The plaintiff's request was for entry of the default (i.e., step one).

      "Under Rule 55(a) of the Federal Rules of Civil Procedure, '[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . ., the clerk **must** enter the party's default.' **The entry of default is therefore not discretionary.**" *Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 186 (2d Cir. N.Y. 2015) (quoting Fed. R. Civ. P. 55(c)) (emphasis added). "The plain language of Rule 55(a) ... does not mandate that a default be entered **only** upon plaintiff's request but rather implies that **however a district court ultimately becomes aware of a party's default, the clerk must enter default**." *Peterson v. Syracuse Police Dep't*, 467 Fed. Appx. 31, 33 (2d Cir. N.Y. 2012).

      "The next step requires the plaintiff to seek a judgment by default under Rule 55(b). Rule 55(b)(1) allows the clerk to enter a default judgment if the plaintiff's claim is for a sum certain and the defendant has failed to appear. In all other cases Rule 55(b)(2) governs. It requires a party seeking a judgment by default to apply to the court for entry of a default judgment." *Priestley v. Headminder, Inc.*, 647 F.3d 497, 505 (2d Cir. N.Y. 2011).

1

After entry of a default, "'a default judgment ordinarily **must** be entered by the district judge' under Rule 55(b)(2)." *Castiglione v. Papa*, 423 Fed. Appx. 10, 12 (2d Cir. N.Y. 2011) (quoting *City of New York v. Mickalis Pawn Shop, LLC*, 08-4804-cv, 09-1345-cv, 645 F.3d 114, 2011 U.S. App. LEXIS 9104, 2011 WL 1663427, *10 (2d Cir. 2011)) (emphasis added). However, it is also true that the Second Circuit has "expressed a 'strong preference' for resolving disputes on the merits." *Id.* (citing *Green*, 420 F.3d at 104). Accordingly, a court will normally entertain the defaulting party's motion to be relieved of the default.

The defaulting party's motion to be relieved of its default is governed by Fed. R. Civ. P. § 55(c), which provides that "[t]he court may set aside an entry of default for good cause." (In contrast, the court may "set aside a default judgment" under Rule 60(b)). "Because Rule 55(c) does not define the term 'good cause,' the Second Circuit has established three criteria that must be assessed in order to decide whether to relieve a party from default or from a default judgment. These criteria are: "(1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party." *Bricklayers & Allied Craftworkers Local 2*, 779 F.3d at 186 (citing *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993) and *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 455 (2d Cir. 2013)).

The defendants misunderstand the nature of the relief sought by the plaintiff in his "Request to Enter a Default," filed on May 8, 2015. The plaintiff was not seeking entry of a default **judgment**, which is step **two** of the "two-step process" described above. *Green*, 420 F.3d at 104. (Thus, the Court's individual rule 4H, governing motions for "default judgment," is not applicable.) Rather, the plaintiff was simply making the "district court ... aware of a party's default" (*see Peterson*, 467 Fed. Appx. at 33), thereby triggering the **non-discretionary** entry of the default. *See Bricklayers & Allied Craftworkers Local 2*, 779 F.3d at 186.

The defendants may subsequently move to vacate the default pursuant to Rule 55(c), but in doing so, **the defendants must address the criteria set forth by the Second Circuit**: (1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party. *See Bricklayers & Allied Craftworkers Local 2*, 779 F.3d at 186. (It should be noted that the Second Circuit has found willfulness where, as here, "the defendants failed to file a responsive pleading for over nine months after the receipt of the summons and complaint." *See id.*) The plaintiff may also move for entry of a default judgment, and the opposition to that motion would address the same issues.

The defendants' letter does not appear to take this issue seriously. The governing law is quite clear that merely submitting a two-paragraph letter with a proposed answer (submitted post-Summary Judgment) simply does not meet the defaulting parties' burden to show good cause for relief from their admitted default.

Moreover, it skirts the fact that the defendants filed a motion for summary judgment without having answered. A defendant that has not answered and is in default cannot – of course -- move for summary judgment, because "a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. N.Y. 2011).

The defendants' memorandum of law supporting their motion for summary judgment recites the procedural history of the case (See Def. Mem. Of Law, p. 2), including the fact that the Second Amended Complaint was filed. The defendants' motion includes the pleadings: the Complaint, the Answer, and the Second Amended Complaint. (See Def. Exhs. C, D, E). The

2

absence of any answer to the Second Amended Complaint having been filed on behalf of the defaulting defendants should have been apparent to the defendants. Rather than forthrightly addressing this issue with the Court, the defendants filed their motion, seeking judgment on affirmative defenses that have not even been raised. The defendants have either been incredibly negligent, or incredibly cynical. Either way, the "*nunc pro tunc*" relief glibly requested by the defendants is not permitted by controlling Second Circuit precedent, and is not justified by the circumstances.

The plaintiff respectfully requests that the Court cause a default to be entered by the Clerk of the Court, as requested in the plaintiff's prior letter, and set a briefing schedule for the plaintiff's motion for entry of a default judgment. In addition, the plaintiff respectfully requests that the Court strike the defendants' motion for summary judgment. Because this is the second time the defendants have filed a motion for summary judgment, and because their own negligent or willful conduct is the reason the motion must be striken, the plaintiff requests that it be stricken without leave to refile.

Respectfully submitted,

David A. Thompson, Esq.

3