UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x

JOSHUA WILES,

                             Plaintiff,

-against-

THE CITY OF NEW YORK, a municipal entity, NEW YORK CITY POLICE OFFICER PASTULA, NYPD LIEUTENANT ZIELINSKI, NYPD SERGEANT SLAYNE, NYPD OFFICER MCNAMARA, and NYPD "JOHN DOES 1-10"

                             Defendants.

**ANSWER TO SECOND AMENDED COMPLAINT ON BEHALF OF THE CITY OF NEW YORK, PASTULA, ZIELINSKI, SLAYNE, MCNAMARA**

**13 CV 2898 (VSB)**

**JURY DEMANDED**

-----------------------------------------------------------------------x

Defendants, CITY OF NEW YORK AND POLICE OFFICER PASTULA, LIEUTENANT ZIELINSKI, SERGEANT SLAYNE, and OFFICER MCNAMARA by their attorney, **ZACHARY CARTER**, Corporation Counsel of the City of New York, as and for their answer to the Complaint, respectfully allege, upon information and belief, as follows:

1. Deny the allegations set forth in paragraph "1" of the Complaint except admit that plaintiff purports to proceed as stated therein.

2. Deny the allegations set forth in paragraph "2" of the Complaint; except admit plaintiff was arrested on November 5, 2011 and September 17, 2012.

3. Deny the allegations set forth in paragraph "3" of the Complaint except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

4. Deny the allegations set forth in paragraph "4" of the Complaint except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

5. Deny the allegations set forth in paragraph "5" of the Complaint except admit that plaintiff purports to lay venue as stated therein.

6. Paragraph "6" of the complaint sets forth a jury demand to which no response is required.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8. Admit the allegations set forth in paragraph "8" of the Complaint.

9. Deny the allegations set forth in paragraph "9" of the Complaint except, admit that the City of New York maintains a police force and respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the relationship between the City and the New York City Police Department.

10. Admit that Police Officer Pastula is employed by the New York City Police Department, and state that whether any individuals were acting under supervision or according to their official duties is an averment of law to which no response is required.

11. Admit that Police Lieutenant Zielinski is employed by the New York City Police Department, and state that whether any individuals were acting under supervision or according to their official duties is an averment of law to which no response is required.

12. Admit that Sergeant Slayne is employed by the New York City Police Department, and state that whether any individuals were acting under supervision or according to their official duties is an averment of law to which no response is required.

13. Admit that Police Officer McNamara is employed by the New York City Police Department, and state that whether any individuals were acting under supervision or according to their official duties is an averment of law to which no response is required.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint as they relate to unidentified

individuals, and state that whether the acts were carried out with actual or apparent authority is an averment of law to which no response is required.

15. Deny the allegations set forth in paragraph "15" of the Complaint, and state that whether the actions were under color of state law and/or in compliance with official rules, regulations, laws, statutes, customs, usages and/or practices is an averment of law to which no response is required.

16. Deny knowledge or information sufficient to form a belief with respect to the allegations set forth in paragraph "16" of the Complaint, but state that whether the actions were done with all of the actual and/or apparent authority thereto is an averment of law to which no response is required.

17. Deny the allegations set forth in paragraph "17" of the Complaint, and state that whether the actions were done in the scope and furtherance of employment is an averment of law to which no response is required.

18. Admit that plaintiff's claims have not been paid or adjusted.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint.

25. Deny the allegations set forth in paragraph "25" of the Complaint except admit that Plaintiff was arrested on November 5, 2011.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint.

27. Deny the allegations set forth in paragraph "27" of the Complaint.

28. Admit that Officer McNamara placed plaintiff under arrest.

29. Deny the allegations set forth in paragraph "29" of the Complaint.

30. Deny the allegations set forth in paragraph "30" of the Complaint.

31. Deny the allegations set forth in paragraph "31" of the Complaint.

32. Admit that plaintiff was charged with disorderly conduct.

33. Deny the allegations set forth in paragraph "33" of the Complaint.

34. Deny the allegations set forth in paragraph "34" of the Complaint.

35. Deny the allegations set forth in paragraph "35" of the Complaint.

36. Deny the allegations set forth in paragraph "36" of the Complaint.

37. Deny the allegations set forth in paragraph "37" of the Complaint.

38. Deny the allegations set forth in paragraph "38" of the Complaint.

39. Deny the allegations set forth in paragraph "39" of the Complaint.

40. Deny the allegations set forth in paragraph "40" of the Complaint.

41. Deny the allegations set forth in paragraph "41" of the Complaint.

42. Deny the allegations set forth in paragraph "42" of the Complaint.

43. Admit that Sgt. Slayne approved plaintiff's arrest paperwork.

44. Deny the allegations set forth in paragraph "44" of the Complaint.

45. Deny the allegations set forth in paragraph "45" of the Complaint, except admit that plaintiff was placed in handcuffs.

46. Deny the allegations set forth in paragraph "46" of the Complaint.

47. Admit that plaintiff was detained for over an hour.

48. Deny the allegations set forth in paragraph "48" of the Complaint, and note that plaintiff's charges were dismissed before he appeared in court.

49. Admit the allegations set forth in paragraph "49" of the Complaint.

50. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the Complaint.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the Complaint.

52. Deny the allegations set forth in paragraph "52" of the Complaint.

53. Deny the allegations set forth in paragraph "53" of the Complaint.

54. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the Complaint.

55. Deny the allegations set forth in paragraph "55" of the Complaint, except note that Det. Pastula did make contact with plaintiff.

56. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the Complaint, except note that Det. Pastula did make contact with plaintiff.

57. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of the Complaint.

58. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of the Complaint.

59. Admit that plaintiff was placed in handcuffs.

60. Admit that plaintiff was placed in an NYPD vehicle.

61. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61" of the Complaint.

62. Admit that plaintiff was transported in an NYPD vehicle.

63. Deny the allegations set forth in paragraph "63" of the Complaint.

64. Deny the allegations set forth in paragraph "64" of the Complaint.

65. Deny the allegations set forth in paragraph "65" of the Complaint.

66. Admit that plaintiff was transported to have his arrest processed.

67. Deny the allegations set forth in paragraph "67" of the Complaint.

68. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "68" of the Complaint.

69. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "69" of the Complaint.

70. Admit that plaintiff was held while his arrest was processed.

71. Admit that plaintiff was held while his arrest was processed.

72. Admit that plaintiff was charged with disorderly conduct.

73. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "73" of the Complaint.

74. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "74" of the Complaint.

75. Deny the allegations set forth in paragraph "75" of the Complaint.

76. Deny the allegations set forth in paragraph "76" of the Complaint.

77. Admit that plaintiff's charges were dismissed, and note they were dismissed without plaintiff appearing before the Court.

78. Deny the allegations set forth in paragraph "78" of the Complaint.

79. Deny the allegations set forth in paragraph "79" of the Complaint.

80. Deny the allegations set forth in paragraph "80" of the Complaint.

81. Deny the allegations set forth in paragraph "81" of the Complaint.

82. Deny the allegations set forth in paragraph "82" of the Complaint.

83. Deny the allegations set forth in paragraph "83" of the Complaint.

84. Deny the allegations set forth in paragraph "84" of the Complaint.

85. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "85" of the Complaint.

86. Deny the allegations set forth in paragraph "86" of the Complaint.

87. In response to paragraph "87" of the Complaint defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

88. Deny the allegations set forth in paragraph "88" of the Complaint.

89. Deny the allegations set forth in paragraph "89" of the Complaint.

90. Deny the allegations set forth in paragraph "90" of the Complaint.

91. Deny the allegations set forth in paragraph "91" of the Complaint.

92. Deny the allegations set forth in paragraph "92" of the Complaint.

93. Deny the allegations set forth in paragraph "93" of the Complaint.

94. Deny the allegations set forth in paragraph "94" of the Complaint except admit that plaintiff seeks relief as stated therein.

95. In response to paragraph "95" of the Complaint defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

96. Deny the allegations set forth in paragraph "96" of the Complaint.

97. Deny the allegations set forth in paragraph "97" of the Complaint.

98. Deny the allegations set forth in paragraph "98" of the Complaint.

99. Deny the allegations set forth in paragraph "99" of the Complaint.

100. Deny the allegations set forth in paragraph "100" of the Complaint except admit that plaintiff seeks relief as stated therein.

101. In response to paragraph "101" of the Complaint defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

102. Deny the allegations set forth in paragraph "102" of the Complaint.

103. Deny the allegations set forth in paragraph "103" of the Complaint.

104. Deny the allegations set forth in paragraph "104" of the Complaint.

105. Deny the allegations set forth in paragraph "105" of the Complaint.

106. Deny the allegations set forth in paragraph "106" of the Complaint.

107. Deny the allegations set forth in paragraph "107" of the Complaint.

108. In response to paragraph "108" of the Complaint defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

109. Deny the allegations set forth in paragraph "109" of the Complaint.

110. Deny the allegations set forth in paragraph "110" of the Complaint.

111. Deny the allegations set forth in paragraph "111" of the Complaint.

112. Deny the allegations set forth in paragraph "112" of the Complaint.

113. Deny the allegations set forth in paragraph "113" of the Complaint.

114. Deny the allegations set forth in paragraph "114" of the Complaint.

115. Deny the allegations set forth in paragraph "115" of the Complaint.

116. In response to paragraph "116" of the Complaint defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

117. Deny the allegations set forth in paragraph "117" of the Complaint.

118. Deny the allegations set forth in paragraph "118" of the Complaint.

119. Deny the allegations set forth in paragraph "119" of the Complaint.

120. Deny the allegations set forth in paragraph "120" of the Complaint.

121. Deny the allegations set forth in paragraph "121" of the Complaint.

122. Deny the allegations set forth in paragraph "122" of the Complaint.

123. Deny the allegations set forth in paragraph "123" of the Complaint.

124. Deny the allegations set forth in paragraph "124" of the Complaint.

125. Deny the allegations set forth in paragraph "125" of the Complaint except admit that plaintiff seeks relief as stated therein.

126. In response to paragraph "126" of the Complaint defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

127. Deny the allegations set forth in paragraph "127" of the Complaint.

128. Deny the allegations set forth in paragraph "128" of the Complaint.

129. Deny the allegations set forth in paragraph "129" of the Complaint.

130. Deny the allegations set forth in paragraph "130" of the Complaint.

131. Deny the allegations set forth in paragraph "131" of the Complaint.

132. Deny the allegations set forth in paragraph "132" of the Complaint.

133. Deny the allegations set forth in paragraph "133" of the Complaint.

134. In response to paragraph "134" of the Complaint defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

135. Deny the allegations set forth in paragraph "135" of the Complaint.

136. Deny the allegations set forth in paragraph "136" of the Complaint.

137. Deny the allegations set forth in paragraph "137" of the Complaint.

138. Deny the allegations set forth in paragraph "138" of the Complaint.

139. Deny knowledge or information sufficient to form a belief with respect to the allegations set forth in paragraph "139" of the Complaint.

140. Deny the allegations set forth in paragraph "140" of the Complaint.

141. Deny the allegations set forth in paragraph "141" of the Complaint.

142. Deny the allegations set forth in paragraph "142" of the Complaint.

143. Deny knowledge or information sufficient to form a belief with respect to the allegations set forth in paragraph "143" of the Complaint.

144. Deny knowledge or information sufficient to form a belief with respect to the allegations set forth in paragraph "144" of the Complaint.

145. Deny knowledge or information sufficient to form a belief with respect to the allegations set forth in paragraph "145" of the Complaint.

146. Deny knowledge or information sufficient to form a belief with respect to the allegations set forth in paragraph "146" of the Complaint.

147. Deny the allegations set forth in paragraph "147" of the Complaint.

148. Deny the allegations set forth in paragraph "148" of the Complaint.

149. Deny knowledge or information sufficient to form a belief with respect to the allegations set forth in paragraph "149" of the Complaint.

150. Deny knowledge or information sufficient to form a belief with respect to the allegations set forth in paragraph "150" of the Complaint.

151. Deny knowledge or information sufficient to form a belief with respect to the allegations set forth in paragraph "151" of the Complaint.

152. Deny the allegations set forth in paragraph "152" of the Complaint.

153. Deny the allegations set forth in paragraph "153" of the Complaint.

154. Deny the allegations set forth in paragraph "154" of the Complaint.

155. Deny the allegations set forth in paragraph "155" of the Complaint.

156. Deny knowledge or information sufficient to form a belief with respect to the allegations set forth in paragraph "156" of the Complaint.

157. Deny the allegations set forth in paragraph "157" of the Complaint.

158. Deny the allegations set forth in paragraph "158" of the Complaint.

159. Deny knowledge or information sufficient to form a belief with respect to the allegations set forth in paragraph "159" of the Complaint.

160. Deny knowledge or information sufficient to form a belief with respect to the allegations set forth in paragraph "160" of the Complaint.

161. Deny the allegations set forth in paragraph "161" of the Complaint.

162. Deny the allegations set forth in paragraph "162" of the Complaint.

163. Deny the allegations set forth in paragraph "163" of the Complaint.

164. Deny the allegations set forth in paragraph "164" of the Complaint.

165. Deny knowledge or information sufficient to form a belief with respect to the allegations set forth in paragraph "165" of the Complaint.

166. Deny knowledge or information sufficient to form a belief with respect to the allegations set forth in paragraph "166" of the Complaint.

167. Deny the allegations set forth in paragraph "167" of the Complaint.

168. Deny the allegations set forth in paragraph "168" of the Complaint.

169. Deny the allegations set forth in paragraph "169" of the Complaint.

170. Deny knowledge or information sufficient to form a belief with respect to the allegations set forth in paragraph "170" of the Complaint.

171. Deny knowledge or information sufficient to form a belief with respect to the allegations set forth in paragraph "171" of the Complaint.

172. Deny the allegations set forth in paragraph "172" of the Complaint.

173. Deny the allegations set forth in paragraph "173" of the Complaint.

174. Deny the allegations set forth in paragraph "174" of the Complaint.

175. Deny the allegations set forth in paragraph "175" of the Complaint.

176. Deny the allegations set forth in paragraph "176" of the Complaint.

177. Deny the allegations set forth in paragraph "177" of the Complaint.

178. Deny the allegations set forth in paragraph "178" of the Complaint.

179. Deny the allegations set forth in paragraph "179" of the Complaint.

180. Deny the allegations set forth in paragraph "180" of the Complaint.

181. Deny the allegations set forth in paragraph "181" of the Complaint.

182. Deny the allegations set forth in paragraph "182" of the Complaint except admit that plaintiff seeks relief as stated therein.

183. In response to paragraph "183" of the Complaint defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

184. Deny the allegations set forth in paragraph "184" of the Complaint.

185. Deny the allegations set forth in paragraph "185" of the Complaint.

186. Deny the allegations set forth in paragraph "186" of the Complaint.

187. Deny the allegations set forth in paragraph "187" of the Complaint.

188. Deny the allegations set forth in paragraph "188" of the Complaint.

189. Deny the allegations set forth in paragraph "189" of the Complaint.

190. Deny the allegations set forth in paragraph "190" of the Complaint.

191. In response to paragraph "191" of the Complaint defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

192. Deny the allegations set forth in paragraph "192" of the Complaint.

193. Deny the allegations set forth in paragraph "193" of the Complaint.

194. Deny the allegations set forth in paragraph "194" of the Complaint.

195. Deny the allegations set forth in paragraph "195" of the Complaint.

196. Deny the allegations set forth in paragraph "196" of the Complaint.

197. In response to paragraph "197" of the Complaint defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

198. Deny the allegations set forth in paragraph "198" of the Complaint.

199. Deny the allegations set forth in paragraph "199" of the Complaint.

200. Deny the allegations set forth in paragraph "200" of the Complaint.

201. Deny the allegations set forth in paragraph "201" of the Complaint.

202. In response to paragraph "202" of the Complaint defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

203. Deny the allegations set forth in paragraph "203" of the Complaint.

204. Deny the allegations set forth in paragraph "204" of the Complaint.

205. Deny the allegations set forth in paragraph "205" of the Complaint.

206. Deny the allegations set forth in paragraph "206" of the Complaint.

207. Deny the allegations set forth in paragraph "203" of the Complaint.

208. In response to paragraph "208" of the Complaint defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

209. Deny the allegations set forth in paragraph "209" of the Complaint.

210. Admit plaintiff was placed under arrest.

211. Deny the allegations set forth in paragraph "211" of the Complaint.

212. Deny the allegations set forth in paragraph "212" of the Complaint.

213. Deny the allegations set forth in paragraph "213" of the Complaint.

214. Deny the allegations set forth in paragraph "214" of the Complaint.

215. Deny the allegations set forth in paragraph "215" of the Complaint.

216. In response to paragraph "216" of the Complaint defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

217. Deny the allegations set forth in paragraph "217" of the Complaint.

218. Deny the allegations set forth in paragraph "218" of the Complaint.

219. Deny the allegations set forth in paragraph "219" of the Complaint.

220. Deny the allegations set forth in paragraph "220" of the Complaint.

221. Deny the allegations set forth in paragraph "221" of the Complaint.

222. In response to paragraph "222" of the Complaint defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

223. Deny the allegations set forth in paragraph "223" of the Complaint.

224. Deny the allegations set forth in paragraph "224" of the Complaint.

225. Deny the allegations set forth in paragraph "225" of the Complaint.

226. Deny the allegations set forth in paragraph "226" of the Complaint, except admit that plaintiff seeks relief as stated therein.

227. In response to paragraph "227" of the Complaint defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

228. Deny the allegations set forth in paragraph "228" of the Complaint.

229. Deny the allegations set forth in paragraph "229" of the Complaint.

230. Deny the allegations set forth in paragraph "230" of the Complaint.

231. Deny the allegations set forth in paragraph "231" of the Complaint.

232. Deny the allegations set forth in paragraph "232" of the Complaint.

233. In response to paragraph "233" of the Complaint defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

234. Deny the allegations set forth in paragraph "234" of the Complaint.

235. Deny the allegations set forth in paragraph "235" of the Complaint.

236. Deny the allegations set forth in paragraph "236" of the Complaint.

237. Deny the allegations set forth in paragraph "237" of the Complaint, and note that James Clavijo is not the plaintiff in this action.

238. Deny the allegations set forth in paragraph "238" of the Complaint.

239. Deny the allegations set forth in paragraph "239" of the Complaint, except admit that plaintiff seeks relief as stated therein.

240. In response to paragraph "240" of the Complaint defendants repeat and re-allege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

241. Deny the allegations set forth in paragraph "241" of the Complaint.

242. Deny the allegations set forth in paragraph "242" of the Complaint.

### FIRST AFFIRMATIVE DEFENSE:

The complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE:

Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof, nor have defendants violated any Act of Congress providing for the protection of civil rights.

### THIRD AFFIRMATIVE DEFENSE:

Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or that of a third party and was not the proximate result of any act of defendants.

### FOURTH AFFIRMATIVE DEFENSE:

Plaintiff may have failed to comply with the conditions precedent to suit.

### FIFTH AFFIRMATIVE DEFENSE:

There was probable cause for plaintiff's arrest, detention and prosecution.

### SIXTH AFFIRMATIVE DEFENSE:

Plaintiff's claims may be barred by the applicable statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE:

At all times relevant to the acts alleged in the amended complaint, defendant City, its agents and officials, acted reasonably, properly, lawfully and in good faith in the exercise of their discretion. Consequently, defendant City of New York is entitled to governmental immunity.

### EIGHTH AFFIRMATIVE DEFENSE:

Plaintiff may have failed, in whole or in part, to comply with New York General Municipal Law § 50(e), §50-h, §50-k and §50-i.

### NINTH AFFIRMATIVE DEFENSE:

Plaintiff provoked any incident.

### TENTH AFFIRMATIVE DEFENSE:

Punitive damages cannot be awarded against the City of New York.

### ELEVENTH AFFIRMATIVE DEFENSE:

Plaintiff has failed to mitigate his alleged damages.

### TWELFTH AFFIRMATIVE DEFENSE:

At all times relevant to the acts alleged in the amended complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

### THIRTEENTH AFFIRMATIVE DEFENSE:

The individually named defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, are entitled to qualified immunity from liability.

**WHEREFORE,** defendants respectfully request that the Complaint be dismissed in its entirety, that the court enter judgment for defendants, and that defendants be granted costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
May 11, 2015

**ZACHARY CARTER**
Corporation Counsel of the
 City of New York
*Attorney for Defendants*
100 Church Street, Room 3-160
New York, N.Y. 10007-2601
(212) 356-2373


By: _____/s/_____
ANDREW LUCAS
Assistant Corporation Counsel
Special Federal Litigation Division


To: (VIA ECF)
David A. Thompson
**Stecklow Cohen & Thompson**
10 Spring Street, Suite 1
New York, NY 10012

13 CV 2898 (VSB)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSHUA WILES,

                                                             Plaintiff,

-against-

THE CITY OF NEW YORK, et al.,

                                                             Defendants.

**ANSWER TO SECOND AMENDED COMPLAINT**

## ZACHARY CARTER
Corporation Counsel of the City of New York
*Attorney for Defendants*
100 Church Street,
New York, New York 10007-2601

Of Counsel: Andrew Lucas
Tel.: (212) 356-2373

NYCLIS No.: 2013-016424

*Service of which is hereby acknowledged:*

........................................, N.Y. Dated: ..........................................

Signed: ...................................................................................

Print Name: ..............................................................................

Attorney for: ............................................................................