

**ZACHARY CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**ANDREW LUCAS**
*Assistant Corporation Counsel*
Phone: (212) 356-2373
Fax: (212) 356-3509
alucas@law.nyc.gov

May 14, 2015

**By ECF**
Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   Joshua Wiles v. City of New York et al.,
        13 CV 2898 (VSB)

Your Honor:

I am an Assistant Corporation Counsel in the office of Zachary Carter, Corporation Counsel of the City of New York, representing defendants in the above-referenced civil rights matter. Defendants write in response to plaintiff's additional letter regarding his proposed default, docket entry [146], filed May 11, 2015. Plaintiff's argument fails as he has not complied with, and improperly characterized the standards of Fed. R. Civ. P. 55(a); because Fed. R. Civ. P. 55(c) calls for his filing to be set aside as a matter of law; because the law regarding defaults is clear and requires no default be granted; and because this issue is moot as no party is in default.

Plaintiff argues first that a notice of default must be entered under Fed. R. Civ. P. 55(a). Rule 55(a) states "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." As plaintiff is aware, defendants have appeared by counsel and defended in this action. They appeared represented at depositions, they have served documents, and they have filed motions, including for summary judgment. They have also answered, and notice of default was not entered against them prior to that. Plaintiff's affidavit under Fed. R. Civ. P. 55(a) is required to show that the defendants failed to plead or defend. Instead it only makes representations regarding pleadings, and is insufficient under the statute, even if the issue were not already moot.

The rules are clear that they do not provide for the mandatory entry of a default as plaintiff states. Fed. R. Civ. P. 55(c) states: "Setting Aside a Default or a Default Judgment: The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." The Courts apply the same test to determining good cause under

55(c) to vacate an entry of default as plaintiff argues is only appropriate when litigating vacateur of a default judgment.

> When determining whether there is "good cause" to vacate entry of default under Fed. R. Civ. P. 55(c), a district court must consider three factors: (1) the willfulness of the default; (2) the existence of a meritorious defense to the defaulted claims; and (3) prejudice to the non-defaulting party should relief be granted. Pecarsky v. Galaxiworld.com, Ltd., 249 F.3d 167, 171 (2d Cir. 2001). "[N]o single factor is dispositive." Fedex Techconnect, Inc. v. OTI, Inc., No. 12 Civ. 1674, 2013 U.S. Dist. LEXIS 139591, at *11 (S.D.N.Y. Sept. 23, 2013). See also Wagstaff-El v. Carlton Press Co., 913 F.2d 56, 57 (2d Cir. 1990) (district court did not abuse its discretion by vacating a default judgment despite a finding of willfulness, because the defaulting party had a meritorious defense and the plaintiff would not be prejudiced if the default was vacated). "When doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." Enron Oil Corp., 10 F.3d at 96. "Good cause" should be construed generously. Id. "While courts are entitled to enforce compliance with the time limits of the Rules by various means, the extreme sanction of a default judgment must remain a weapon of last, rather than first, resort." Meehan, 652 F.2d at 277.

Peoples v. Fisher, 299 F.R.D. 56, 58 (W.D.N.Y. 2014). Plaintiff has overlooked that 55(c) addresses the notice of default he seeks head on, and the Courts have found that it should be vacated in favor of the defendants where any doubt exists as to whether it should be vacated or granted.

Plaintiff's reliance on a formal two step process, even if he had complied with Fed. R. Civ. P. 55(a), the law left no discretion to the Court, and the parties were in presently default, does not provide him relief. "Although Rule 55(c) envisions a formal motion for relief, the courts have shown considerable leniency in treating other procedural steps as equivalent to a motion, particularly when the conduct evidences a desire to correct the default." 10 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2692 (3d ed. 1998). Here, the defendants are no longer in default, were present and active in their defense of the case, have a meritorious defense, and were not willful in their default. Unfortunately, while counsel attended to other matters, and the undersigned was on leave from the Office of the Corporation Counsel, the responsive pleading remained outstanding. Still, defendants appeared, defended, and were represented throughout this case.

This is a manufactured issue where plaintiff has apparently waited until he thought it tactically advantageous to raise it. The law is clear that this issue must be resolved in favor of the defendants to the extent it has even been properly raised. Here it is not properly raised because defendants have been represented and defended themselves throughout this action, plaintiff's affidavit is deficient, and the Courts and Federal Rules have the flexibility and guidance to dispose of this issue at the outset. Additionally, the issue is presently moot. Defendants have answered and no notice of default has been entered. Plaintiff's raising of this issue when he should have been preparing his opposition to the motion for summary judgment highlights plaintiff's conduct as seeking procedural advantage rather than any resolution on the

merits. Further, the relief sought is flatly unsupported by law. Plaintiff is seeking to have the Summary Judgment Motion of defendants who had not answered struck. He cites one case for this proposition, City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114 (2d Cir. 2011). Unfortunately, this case directly opposes the relief plaintiff seeks. The District Court ruled on the parties' summary judgment motion on the merits in that action. City of New York v. A-1 Jewelry & Pawn, Inc., 252 F.R.D. 130 (E.D.N.Y. 2008). Additionally, the Circuit court found no problem with considering the summary judgment of the parties in default, and noted that they had appeared and defended their case, including with summary judgment motions. 645 F.3d 139-40. Ultimately, it was the abandoning the affirmative defense asserted that subjected the parties to the jurisdiction of the Court. Id.

In the context of this action by plaintiff, defendants must point out plaintiff's failure with respect to the motion for summary judgment. Plaintiff elected to file the motion seeking a notice of default instead of working on his opposition. This meant that as of the deadline to file his opposition he filed only two documents, a responsive and affirmative 56.1 statement docket entries [127][128]. This is in spite of plaintiff being granted a three week adjournment of his time to file. Docket entry [110]. Unlike the relief plaintiff seeks, striking plaintiff's opposition as he failed to file a response timely would be appropriate. "[T]he Court would have been within the bounds of its discretion to refuse to consider the additional documents that Plaintiff has belatedly submitted[.]" Bulovic v. Both, 14 F. Supp. 3d 365, 390 (S.D.N.Y. 2014); citing Watson v. Geithner, 355 F. App'x 482, 483 (2d Cir. 2009) (finding that the district court did not abuse its discretion in refusing to consider a pro se plaintiff's untimely opposition to the defendants' summary judgment motion.) Here, represented by counsel, plaintiff has apparently elected to file only his 56.1 statement and response timely and left the rest of his papers to the following day. Under controlling case law it is within the Court's discretion to refuse to consider plaintiff's untimely submissions in opposition to the motion for summary judgment.

Conversely, the defendants have answered and are not in default, have defended throughout this case, plaintiff has failed to satisfy the requirements of Fed. R .Civ. P. 55(a), ignored 55(c) and controlling case law, overlooked the flexibility afforded to the Court in resolving these issues, overlooked the overwhelming case law seeking resolution on the merits with respect to Rule 55, seeks relief that is not supported by law, and apparently chose to engage in this procedural issue instead of timely filing opposition to the motion for summary judgment. For these reasons defendants ask that the Court recognize the answer to the second amended complaint submitted on behalf of all named defendants and deny plaintiff's application, docket [126].

Thank you for your consideration.

Respectfully submitted,
/s/
Andrew Lucas
*Assistant Corporation Counsel*

cc: Wylie Stecklow Esq.
David Thompson Esq.
*Attorneys for Plaintiff*

3